# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Chloe A. Davis,<br>    Plaintiff,<br><br>v.<br><br>City of Providence, through its Treasurer<br>James Lombardi, et al.,<br>    Defendants. | C.A. No. 1:21-cv-00490-JJM-AEM |

## ORDER

Before the Court is Defendants Charles Vieira and Nathaniel Colicci's Motion Regarding Sufficiency of Answers to Requests for Admissions (ECF No. 56). The Motion stems from Plaintiff Chloe A. Davis's responses to Requests 3 and 5-9 that "Plaintiff has no personal knowledge of the information inquired of in this Request and therefore Denies the same." Plaintiff's response is confusing. To deny the Requests, Ms. Davis must have had the knowledge or information necessary to do so. Stating that she does not have personal knowledge of the information and also denying the Request in the same sentence is untenable.

If Ms. Davis does not have the personal knowledge required to admit or deny the Requests, then as argued by Defendants and required by Federal Rule of Civil Procedure 36(a)(4), she need only have stated that she "made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." The Court agrees with Ms. Davis that such a "reasonable inquiry" would not compel her to "investigate third-party conduct outside her knowledge, possession, custody, or control." ECF No. 57 at 8.

Ms. Davis had another option: objecting to the Requests. In her Objection to Defendant Officers' Motion Regarding Sufficiency of Answers to Requests for Admissions and Motion to Strike Defendant Officers' Untimely Requests for Admission, Ms. Davis articulates what could have been

included in such objections: "Def. Officers, via their request for admission, seek to have Plaintiff interrogate her co-worker as to information that is totally irrelevant to this case, that would place her in an uncomfortable position vis-à-vis her coworker, and which Def. Officers' could more easily obtain and have, unlike Plaintiff, already apparently obtained." ECF No. 57 at 7.

The Court is tasked with figuring out the best way forward.[1] If the Court finds—as it has here—that a response does not comply with Rule 36, it may order either that the matter is admitted or that an amended answer be served. Fed R. Civ. P. 36(a)(6). Because there is a denial within Plaintiff's confusing responses, the Court finds that it would be unjust to order the Requests admitted. That leaves the Court to order that the responses be amended to comply with the Rule. Plaintiff has no obligation to "interrogate her co-worker." ECF No. 57 at 7. Plaintiff may object to the Requests or, if true, Plaintiff may respond by stating that she "made reasonable inquiry and that the information [she] knows or can readily obtain is insufficient to enable [her] to admit or deny." Fed. R. Civ. P. 36(a)(4).

The Motion Regarding Sufficiency of Answers to Requests for Admissions (ECF No. 56) is GRANTED IN PART: Plaintiff shall amend her responses to Requests for Admission 3 and 5-9 to comply with Federal Rule of Civil Procedure 36 no later than March 13, 2026.

 /s/   Amy E. Moses  
AMY E. MOSES  
United States Magistrate Judge

March 4, 2026

---

[1] Plaintiff contends that the December 31, 2025 Requests should be stricken as untimely because they were propounded after the December 10, 2025 fact discovery deadline. ECF No. 57 at 1. Because Plaintiff filed an assented-to motion (ECF No. 53) seeking to extend the deadline for "[a]ll factual discovery" until March 10, 2026, and then Chief Judge McConnell permitted the parties to extend the factual discovery deadline (Text Order (Dec. 9, 2025)), the Court is not persuaded that the Requests were untimely.